**OPEN MEETINGS LAW**

**PUBLIC SCHOOLS – APPLICATION OF ST. MARY'S OPEN MEETINGS ACT AND OTHER OPEN MEETINGS LAWS TO THE ST. MARY'S COUNTY BOARD OF EDUCATION**

September 7, 2010

*Michael J. Martirano, Superintendent*
*St. Mary's County Public Schools*

*The Honorable Roy Dyson*
*Maryland State Senate*

You each requested our opinion as to whether the St. Mary's County Board of Education ("St. Mary's Board") may convene in a closed session when performing an "administrative function" as defined under the State Open Meetings Act ("State OMA"). Under the State OMA, county boards of education need not meet in open session when they are performing an "administrative function" and when the State education law does not otherwise require an open meeting. However, unlike other local boards of education, the St. Mary's Board is also subject to the St. Mary's Open Meetings Act ("St. Mary's OMA"). The St. Mary's OMA does not have a specific exclusion for an "administrative function," but has different limitations on its scope. Both the State OMA and the St. Mary's OMA defer to any "more stringent" law requiring open meetings.

In our opinion, as a result of the St. Mary's Open Meetings Act, the St. Mary's Board must meet in open session for many, if not most, activities that would qualify as an administrative function under the State OMA and for which another local board of education may be permitted to hold a closed session. However, some activities that do not trigger the open meeting requirements of the State OMA or education law are also outside the scope of the St. Mary's OMA. For example, we understand that there are sessions in which the Superintendent of Schools (or the Superintendent's staff) reports to the Board solely for informational purposes on matters that are within the purview of the Superintendent, that do not involve the formulation of substantive policy, and that do not require any action by the Board. Such briefings not only would be an administrative function under the State OMA and beyond the scope of the open

meeting requirements of the State education law, but also would not amount to "official action" that triggers the open meeting requirement of the St. Mary's OMA. Thus, the St. Mary's Board need not conduct those briefings in open session.[1]

# I

## Open Meetings Laws

The St. Mary's Board, like most public bodies in St. Mary's County, is subject to both the State OMA and the St. Mary's OMA. Meetings of the St. Mary's Board are also governed by provisions of the State education law concerning meetings of county boards of education. These statutes have similar purposes but are not identical in scope or procedural requirements.

## A. *State Open Meetings Act*

The State OMA was initially enacted by the General Assembly in 1977. Chapter 863, Laws of Maryland 1977, *codified as amended at* Annotated Code of Maryland, State Government Article ("SG"), §10-501 *et seq.* While the statute does not grant the public a right to participate in meetings, it does afford the public the "right to observe the deliberative process and the making of decisions by [a] public body at open meetings." *City of New Carrollton v. Rogers*, 287 Md. 56, 72, 410 A.2d 1070 (1980). When the State OMA applies to a meeting, the session must be open to the public, subject to a limited number of exceptions. SG §§10-505; 10-507(a).[2] When a public body chooses to close a meeting under one of the exceptions, it must follow certain procedures set forth in the statute. *See* SG

---

[1] Counsel to the St. Mary's Board provided us with his legal analysis and concluded that a session need not be open if it is devoted to the Superintendent providing information to the Board on matters under the Superintendent's authority unrelated to any deliberation or action by the Board. For the reasons set forth in this opinion, we agree with that conclusion, although we note that the St. Mary's Board likely must meet in open session when conducting other matters that fall within the definition of administrative function.

[2] The meeting may be closed for 14 specific purposes set forth in the statute. *See* SG §10-508(a). The exceptions are strictly construed and, during the course of the closed session, the public body may not consider any matter outside the relevant exception. SG §10-508(b) and (c).

§§10-506(b)(3) (notice); 10-508(d) (closure procedures); 10-509(c)(2) (subsequent disclosures).[3]

Definitions of key terms in the State OMA limit its scope. The statute applies only to "public bodies." SG §10-502(h) (definition of "public body"). Under the Act, a public body "meets" when a quorum[4] of the public body convenes "for the consideration or transaction of public business." SG §10-502(g); *see also* SG §10-503(a)(2) (State OMA does not apply to chance encounters or social gatherings). However, the State OMA is not triggered every time a public body meets. Application of the statute turns on the "function" that the public body is performing at the meeting.

The open meeting and procedural requirements of the State OMA apply when the public body meets to perform a "legislative," "quasi-legislative," or "advisory" function, as those functions are defined in the State Open Meetings Act. *See* SG §10-502(c), (f), (j). However, the statute generally does not apply to a public body when it is performing a "judicial" or "quasi-judicial," or "administrative" function, all of which are also defined in the Act. *See* SG §10-502(b), (e), (i); §10-503(a)(1).[5]

---

[3] Other provisions of the State OMA address the conduct of meetings, minutes, disclosure requirements when a public body closes a meeting governed by the Act to consider a matter that constitutes an administrative function, the Open Meetings Compliance Board, and enforcement of the Act.

[4] Unless a different number is prescribed by law, a "quorum" is a majority of the members of the public body. SG §10-502(k).

[5] The General Assembly has also directed that the State OMA applies whenever a public body is meeting to consider: (1) granting a license or permit, or (2) a special exception, variance, conditional use, zoning classification, the enforcement of any zoning law or regulation, or any other zoning matter. SG §10-503(b). Neither of those circumstances appears relevant to your inquiries.

Your inquiries concern the exclusion for administrative functions.[6] The term "administrative function"[7] is defined as follows:

> (1) "Administrative function" means the administration of:
>
> > (i) a law of the State;
> > (ii) a law of a political subdivision of the State; or
> > (iii) a rule, regulation, or bylaw of a public body.
>
> (2) "Administrative function" does not include:
>
> > (i) an advisory function;
> > (ii) a judicial function;
> > (iii) a legislative function;
> > (iv) a quasi-judicial function; or
> > (v) a quasi-legislative function.

SG §10-502(b).

It is not immediately obvious what activities are encompassed by this definition. *See* 78 *Opinions of the Attorney General* 275 (1993). The Open Meetings Compliance Board, an independent advisory body charged with construing the State OMA,[8] has developed a two-step analysis to determine whether a particular activity is an administrative function. *See, e.g.*, 6 *OMCB Opinions* 145, 147 (2009); 6 *OMCB Opinions* 23, 25-26 (2008); *see also* 86 *Opinions of the Attorney General* 94, 115-17 (2001). The first step

---

[6] In one respect, the State OMA regulates sessions that carry out an administrative function. If a public body recesses a public session to carry out an administrative function outside the public's view, certain information concerning the closed session must be made public as part of the minutes of the public body's next meeting. SG §10-503(c).

[7] Before October 1, 2006, the State OMA used the term "executive function" rather than "administrative function." A 2006 amendment renamed the function without changing the substance of the definition. Chapter 584, Laws of Maryland 2006.

[8] *See* SG §10-502.1 *et seq.*

is to evaluate whether the meeting falls within any other function defined in the statute. If it does, the analysis ends because, by definition, the meeting does not involve an administrative function. SG §10-503(b)(2). If the session does not involve one of the other defined functions, the second step is to evaluate whether the public body is involved in the administration of an existing law, rule, or regulation (as opposed to the development of new policy). If it is, the meeting likely involves an administrative function and the State OMA does not apply; if not, the discussion is not an administrative function and the State OMA does apply.[9]

The State OMA recognizes that other laws may also govern meetings of some bodies. In the event of a conflict with another law, the open meeting and procedural requirements of the State OMA prevail "unless the other law is more stringent." SG §10-504. Although the term "more stringent" is not defined, it is understood to mean a law that grants the public greater access. *City of College Park v. Cotter*, 309 Md. 573, 586, 525 A.2d 1059 (1987) (State OMA establishes only minimum standards for open meetings).

Other laws governing meetings of the St. Mary's Board are found in portions the State education law relating to local boards of education. Also, the St. Mary's OMA, which applies to meetings of most public bodies in St. Mary's County, specifically applies to the St. Mary's Board.

### B. State Education Law

Two provisions of the State education law impose an open meeting requirement on the St. Mary's Board. One provision applies to all county boards of education; the other is specific to the St. Mary's Board. Both statutes permit the Board to meet in "executive session" – *i.e.*, a closed session – in some circumstances.

Under Annotated Code of Maryland, Education Article ("ED"), §4-107(d), a county board must take all of its "final actions" at a public meeting and the minutes of that meeting are to be available publicly. ED §4-107(d)(1). The statute authorizes a county board

---

[9] The Open Meetings Compliance Board has opined that, in an unusual situation where a meeting involves none of the defined functions, the State OMA applies. 4 *OMCB Opinions* 12 (2004); 1 *OMCB Opinions* 96, 98 (1994).

to meet and deliberate in executive session for matters concerning land and site acquisition and personnel and labor relations. ED §4-107(d)(2). This provision has been part of the State education law since 1969. Chapter 405, §1, Laws of Maryland 1969. When recodifying it as part of the Education Article, the Legislature made clear that it did not supersede any "more stringent" provisions of the State OMA. Chapter 22, §8, Laws of Maryland 1978.

ED §3-1104 pertains solely to the St. Mary's Board. It requires the St. Mary's Board to meet at least once a month. ED §3-1104(a). All "actions" of the Board are to be taken at a public meeting; the record of the meeting and any actions taken is to be made public. ED §3-1104(b). However, the statute permits the St. Mary's Board to meet and deliberate in executive session, so long as any actions and votes taken at the session are made public. ED §3-1104(c). This provision was added to the education law when the St. Mary's Board was converted from an appointed to an elected board. Chapter 292, §2, Laws of Maryland 1996.

### C. St. Mary's OMA

The St. Mary's OMA was initially enacted by the General Assembly in 1976 – a year before the State OMA. Chapter 715, Laws of Maryland 1976, *codified as amended at* Annotated Code of Maryland, Article 24, §4-201 *et seq.* Subject to certain enumerated exceptions,[10] the St. Mary's OMA applies to a meeting of a "public agency" in St. Mary's County. Article 24, §§4-202(b); 4-203(a).[11]

---

[10] The St. Mary's OMA does not apply to meetings of the judicial branch, grand juries, petit juries, or law enforcement agencies. Article 24, §4-209.

[11] The term "public agency" is defined as follows:

> "Public agency" includes:
> (1) Any agency, assembly, authority, board, bureau commission, committee, council, or department of St. Mary's County, except as provided in §4-209 of this subtitle, including advisory and quasi-judicial agencies, supported in whole or in part by public funds or authorized to expend public funds;

(continued...)

The definition of "public agency" explicitly includes the St. Mary's County Board of Education. Article 24, §4-202(d)(2).[12]

The St. Mary's OMA requires that "[a]ll meetings of a public agency at which official action is taken regarding public business are open to the public, except as provided in [the exceptions set forth in] §4-210." Article 24, §4-203(a). The term "meeting" is defined for purposes of the St. Mary's OMA as "the convening of a quorum of the constituent membership of a public agency to deliberate or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power." Article 24, §4-202(b).

The term "public business" involves "all matters within the jurisdiction of a public agency which are before [that] agency for official action or which reasonably, foreseeably may come before that agency in the future." Article 24, §4-202(e). Like the State OMA, the St. Mary's OMA is not limited to sessions involving final action by the agency. The term "official action" is defined to mean "the phases of the process in which a decision or recommendation is reached including receipt of information, deliberation and decision

---

[11] (...continued)

> > (2) The St. Mary's County Board of Education; and
> > (3) Subcommittees and other subordinate
> units of the agencies above.

Article 24, §4-202(d). The original legislation used the term "public body" in addition to "public agency" but was amended the following year to conform the usage in the statute to a single term. *See* Chapter 715, Laws of Maryland 1976 and Chapter 617, Laws of Maryland 1977. Although the term "agency" might appear to extend the St. Mary's OMA to individual officials, the definition of a "meeting" makes clear that the term "public agency" is limited to meetings of a multi-member entity as opposed to a meeting conducted by an individual official who heads a particular agency. Article 24, §4-202(b) (defining "meeting" to be the "convening of a quorum of the constituent membership"). 89 *Opinions of the Attorney General* 22, 25-27 (2004).

[12] The specific reference to the St. Mary's Board was added by Chapter 77, Laws of Maryland 1995. This amendment simply confirmed prior advice of this Office that the original version of the statute applied to the St. Mary's Board. Letter of Advice from Assistant Attorney General Sandra J. Cohen to the Honorable John F. Slade, III (January 17, 1995) (copy available in legislative bill file on House Bill 647 (1995)).

of a public agency." Article 24, §4-202(c). Thus, it covers the entire deliberative process.

Unlike the State OMA, the St. Mary's OMA does not limit the scope of the open meetings requirement by reference to the "functions" of a meeting. Rather, the statute provides an exclusive list of reasons for which meetings of a public agency may be closed to the public. Article 24, §4-210.[13] And, similar to the State OMA, the St. Mary's OMA provides that in the event of a conflict between the St. Mary's OMA and other law, the provisions of the St. Mary's OMA control unless "provisions of existing law are more stringent." Article 24, §4-214.[14]

## II

### County School Boards

Under the State education law, a local school board is charged with general control of educational matters in its county, subject to direction from the State Board of Education and State Superintendent. ED §4-101 *et seq.* In carrying out its role, a county board appoints the county superintendent and other school personnel, sets salaries and school policies, prepares an annual budget for the school system, and approves the curriculum guide and courses of study, among other things. ED §§4-103, 4-108, 4-111, 4-201, 5-101. The county superintendent is the executive officer, secretary, and treasurer of the school board, and is responsible for, among other things, approving school board contracts, evaluating

---

[13] Section 4-210 lists 11 exceptions to the open meeting requirement, two of which are specific to the St. Mary's Board. Article 24, §4-210(a)(2) (meeting relating to discipline of student), (a)(3) (discussions concerning specific students, families, or personnel when the discussion may be harmful to those individuals).

[14] Other provisions of the St. Mary's OMA address notice requirements, meeting facilities, minutes, recording and broadcasting of meetings, maintenance of order, and enforcement and penalties.

The St, Mary's OMA also applies to certain staff meetings. However, staff meetings are not subject to all the procedural requirements that apply to a meeting of a "public agency." *See* Article 24, §§4-202(g), 4-203(b), 4-207(c); *see also* 89 *Opinions of the Attorney General* 22, 24-25 (2004).

school instructional programs, overseeing the professional development of teachers, and advising on the initial proposed budget. ED §§4-102, 4-205, 5-101. Much of the day-to-day administration of the schools is delegated to the local superintendent. Yet the school board has ultimate responsibility for the school system.

## III

## Analysis

### A.    *Discerning the More Stringent Law*

Both of your inquiries concern the extent to which the St. Mary's Board may meet in closed session when performing an administrative function, as defined in the State OMA. Unlike other local boards of education, the St. Mary's Board is also subject to the St. Mary's OMA and to ED §3-1104. Both the State OMA and St. Mary's OMA require application of the "more stringent" open meeting law. Thus, in order to determine whether a particular session must be open, the St. Mary's Board must consider how the State OMA, the St. Mary's OMA, and any applicable provisions of the Education Article (including ED §3-1104) would apply and then comply with whatever law requires greater transparency in the particular circumstances.

### B.    *State OMA – "Functions" Performed by County School Boards*

As the Open Meetings Compliance Board has noted, many of the duties of a county school board would be classified under the State OMA as legislative or quasi-legislative functions subject to the openness and procedural requirements of that statute. 3 *OMCB Opinions* 39 (2000) ("2000 OMCB Opinion"). But the Compliance Board has also acknowledged in several opinions that some activities of local school boards do not involve policy-making and fall within the administrative function exclusion. *Id.; see also* 6 *OMCB Opinions* 145 (2009); 6 *OMCB Opinions* 23 (2008). For example, a budget strategy session held by a county board of education, the making of an appointment by the board, and discussions about attendance at retirement ceremonies have each been found to be

administrative functions. 2000 OMCB Opinion at 43-44.[15] Briefings by the superintendent or the superintendent's staff concerning matters under the superintendent's authority, and which do not involve policy matters to be addressed by the board, would also be an administrative function. *Id*. at 42.

In each of the instances identified in Compliance Board opinions as involving an administrative function, the local school board was not performing any of the other defined functions in the State OMA nor making policy decisions. Rather, the school boards were carrying out their obligation under the State education law to oversee the operations of the school system and the performance of the local superintendent. Accordingly, those actions were deemed administrative functions not subject to the open meeting and procedural requirements of the State OMA.

### C. Application of ED §4-107(d)

ED §4-107(d) requires a county board of education to take any "final action" in a public meeting and authorizes closed sessions for meetings in certain circumstances. If a particular administrative function performed by a county board does not involve taking "final action" on a matter, ED §4-107(d) likewise would not require that the meeting be open. Thus, ED §4-107(d) would not require a different result from the State OMA in those circumstances – *i.e.*, it would not be a "more stringent" law. For example, a briefing by the superintendent on matters within the purview of the superintendent, and on which no board action would be required, would be outside the open meeting mandate of ED §4-107(d).

### D. Application of Laws Specific to the St. Mary's Board

#### 1. St. Mary's OMA

The St. Mary's OMA broadly defines "meeting" to include a gathering of an agency "to deliberate or act upon a matter over which the ... agency has supervision, control, jurisdiction or advisory power." The open meeting requirement is triggered if the agency is

---

[15] At the time of the 2000 OMCB opinion, "administrative function" was called "executive function." *See* note 7 above. In describing the conclusions of that opinion in the text we use the current label "administrative function" to avoid confusion.

to take "official action ... regarding public business..." at the meeting. Article 24, §4-203(a). By definition, "official action" is not limited to final action by the agency. Rather, it includes all phases of a decision-making process "in which a *decision or recommendation* is reached." Article 24, §4-202(c) (emphasis added). It specifically includes the sharing of information as part of the decision-making process. *Id.* The phrase "public business" is also broadly defined. Article 24, §4-202(e) ("all matters within jurisdiction of a public agency..."). However, as is evident, the term "official action" does contemplate that the agency will at some point consider acting – *i.e.*, making a decision or recommendation – on a matter before it.

In our view, the open meeting requirement of the St. Mary's OMA would apply to many administrative functions described in the OMCB opinions. Many such meetings will be part of the process by which the Board takes "official action" on some matter. For example, unless a specific exception in the St. Mary's OMA pertained, the open meeting requirement would apply when the Board discusses its budget strategy. However, a limited range of activities that fall within administrative function under the State OMA would not trigger the open meeting requirement of the St. Mary's OMA. In this category are some briefings of the Board by the Superintendent or the Superintendent's staff.

For example, if a briefing session consisted solely of reports to the Board, for informational purposes, of actions taken by the Superintendent or staff on matters within their authority and not requiring Board approval or the formulation of Board policy, that briefing would not involve "official action" and could be done in a closed session. Although such a briefing would allow the Board to monitor the Superintendent's performance and be better informed on the operation of the schools, it would not be part of a process by which the Board would make a "decision or recommendation." Therefore, the session would not involve "official action" subject to the open meeting requirement of the St. Mary's OMA. Article 24, §4-202(b).

### 2. ED §3-1104

While ED §3-1104 broadly requires a "public meeting" for all "actions" of the St. Mary's Board, its equally broad allowance for executive sessions would presumably encompass sessions at which the Board is performing an administrative function. It would be

"more stringent" than the State OMA only in requiring that any actions and votes at such a session be made public.

## IV

## Conclusion

In our opinion, the St. Mary's Board must meet in open session for many, if not most, activities that would qualify as an administrative function under the State OMA and for which another local board of education could legally meet in closed session. However, some activities that are an administrative function under the State OMA and that are outside the scope of the open meeting requirements of the State education law are also outside the scope of the St. Mary's OMA. One example would be a session in which the Superintendent or other staff report to the Board solely for informational purposes on matters within the Superintendent's purview, so long as the briefing involved no formulation of substantive policy and did not require any action by the Board. Such a briefing would not only be an administrative function under the State OMA, and outside the scope of the State education law's open meeting requirements, but would also not meet the definition of "official action" that triggers the open meeting requirement of the St. Mary's OMA. Thus, the St. Mary's Board need not conduct those briefings in open session.

Douglas F. Gansler
*Attorney General*

William R. Varga
*Assistant Attorney General*

Robert N. McDonald
*Chief Counsel*
    *Opinions and Advice*